UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
PREMIERE ACQUISITION CORP.,                                             :
:
                         Plaintiff,  :        13-CV-5389 (JMF)
:
      -v-                                                              :        MEMORANDUM OPINION
:                 AND ORDER
BLUE JADE ENTERPRISES, INC., et al.,                                    :
:
                         Defendants.  :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/23/2015

JESSE M. FURMAN, United States District Judge:

       Plaintiff Premiere Acquisition Corporation ("Premiere") filed this diversity action against Eunice Chang and two companies purportedly owned by her, Blue Jade Enterprises, Inc. ("Blue Jade") and Truck Jeans, Inc. ("Truck Jeans") (together, the "Companies"), claiming breach of contract, rescission, and fraud arising out of Premiere's failed attempt to purchase the Companies. The Court previously dismissed the Complaint with respect to the Companies for failure to serve within the time limit set by Rule 4(m) of the Federal Rules of Civil Procedure. (Jan. 23, 2014 Order). Pending before the Court is Premiere's motion for summary judgment with respect to its rescission claim against Chang, the sole remaining defendant who is now proceeding *pro se*. Although unopposed, the motion is DENIED for the reasons stated below.

       The facts relevant to this motion, taken from the admissible evidence submitted by Premiere, can be stated briefly. In April 2013, Premiere's principal, Christopher Giordano, was approached by a real estate agent wanting to sell two California clothing companies, Blue Jade and Truck Jeans. (Pl.'s Mot. Summ. J. (Docket No. 44) ("Pl.'s Mot."), Ex. 5 ("Giordano Aff.") ¶ 2). The Companies, along with all corporate shares of the same, were owned by Chang. (*Id.* ¶ 3). Giordano and Chang, apparently with the assistance of the real estate broker, reached an

agreement for Chang to sell the Companies to Premiere; thereafter, Giordano wired approximately $145,000 to his bookkeeper, who then wired the money to Chang and Blue Jade. (*Id.* ¶¶ 4, 6; Pl.'s Mot., Ex. 4 at 2). Before Premiere paid, Chang provided Giordano with a few documents that seemed to state the Companies' assets, but Chang insisted that Premiere first pay her in full before she opened the Companies' books to Premiere. (Giordano Aff. ¶ 5). Premiere's payment was thus contingent upon a due diligence period to follow, during which Premiere would be allowed to more fully inspect documents concerning the Companies' assets and liabilities. (*Id.* ¶¶ 4-5, 8). After Chang acknowledged receipt of the payment, however, she did not tender any shares or assets of the Companies to Premiere; instead, apparently upset that Premiere had not paid more for the Companies, Chang broke off all communication. (*Id.* ¶¶ 6-7). Shortly thereafter, Premiere, through Giordano, retained an attorney, who allegedly discovered that the Companies were no longer in business and that all of the equipment and clothing they purported to own was gone. (*Id.* ¶ 7).

As noted, Premiere moves for summary judgment, but only with respect to its rescission claim. (*See* Pl.'s Mot. at 6). Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam). An issue of fact qualifies as genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the evidence submitted in support of the summary judgment motion does not meet the movant's

2

burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (internal quotation marks omitted).

When a party's motion for summary judgment is unopposed, as here, "a district court may not enter a default judgment. Rather, it must examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment." *Jackson v. Fed. Exp.*, 766 F.3d 189, 197 (2d Cir. 2014). Additionally, when a summary judgment motion is brought against a *pro se* litigant, the Court must afford the non-movant with "special solicitude" in the construction of pleadings and motions and in the enforcement of procedural rules. *See Tracy v. Freshwater*, 623 F.3d 90, 100-04 (2d Cir. 2010) ("[I]n light of the particular difficulties presented by a motion for summary judgment . . . a district court errs by failing to advise a *pro se* litigant of the nature of such a motion and the consequences of failing to respond to it properly."). That special solicitude, however, does not "relieve [a] plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks omitted). Specifically, provided the moving party has met its initial burden of demonstrating the absence of a genuine issue of material fact, a *pro se* party opposing summary judgment must still "come forward with evidence demonstrating that there is a genuine dispute regarding material fact." *Bennett v. Bailey*, No. 07-CV-7002 (PKC), 2010 WL 1459192, at *3 (S.D.N.Y. Apr. 9, 2010).

Applying those standards here, Premiere's motion must be denied. Under New York law, which appears to apply here, rescission of a contract is "an extraordinary remedy" rooted in equity. *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 143 (2d Cir. 2000) (internal quotation

marks omitted).  It should be granted only when a party's breach is "material and willful, or if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract."  *Id.* (internal quotation marks omitted); *see also Callanan v. Keeseville, Ausable Chasm & Lake Champlain R.R. Co.*, 199 N.Y. 268, 284 (1910); *Lenel Sys. Int'l, Inc. v. Smith*, 966 N.Y.S.2d 618, 620 (App. Div. 4th Dep't 2013).  More specifically, to warrant rescission, "a party must allege fraud in the inducement of the contract; failure of consideration; an inability to perform the contract after it is made; or a breach in the contract which substantially defeats the purpose thereof."  *New Paradigm Software Corp. v. New Era of Networks, Inc.*, 107 F. Supp. 2d 325, 329 (S.D.N.Y. 2000) (internal quotation marks omitted).  Additionally, "the equitable remedy is to be invoked only when there is lacking complete and adequate remedy at law."  *Rudman v. Cowles Commc'ns, Inc.*, 30 N.Y.2d 1, 13 (1972); *accord C3 Media & Mktg. Grp. v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 435-36 (S.D.N.Y. 2005); *Mina Inv. Holdings Ltd. v. Lefkowitz*, 16 F. Supp. 2d 355, 362 (S.D.N.Y. 1998), *rev'd on reconsideration in part on other grounds*, 184 F.R.D. 245 (S.D.N.Y. 1999).

In this case, Premiere's request for summary judgment founders on the last requirement.  That is, although Premiere makes a strong case for failure of consideration and material breach given Chang's complete failure to honor their agreement, it does not argue, let alone establish, that it lacks an adequate remedy at law.  Premiere may well be able to prove at trial that a legal remedy would be inadequate and that rescission is warranted.  Having failed to provide any evidence — or even argument — to that end in its papers, however, Premiere's motion for summary judgment must be and is denied.  *See, e.g.*, *Guandong Enterprises (N. A) Fur Holdings Ltd. v. Hennessy*, No. 01-CV-0620 (SAS), 2002 WL 1000953, at *20 (S.D.N.Y. May 15, 2002) (granting defendants' motion for summary judgment on plaintiffs' rescission claim because

4

"[t]he harm plaintiffs have allegedly suffered is a financial loss incurred" because of defendants' fraud, and "the relief they seek through rescission is cancellation (or return) of the financial debt they incurred."); *New Paradigm Software Corp.*, 107 F. Supp. 2d at 330 (granting the defendants' motion to dismiss the plaintiff's claim for rescission because "Plaintiff has asserted no reason why damages would not be an adequate remedy"), *Mina Inv. Holdings*, 16 F. Supp. 2d at 363 (dismissing rescission claim because "assuming Plaintiffs' allegations to be true, the appropriate remedy would be damages"); *see also New Shows, S.A. de C.V. v. Don King Prods., Inc.*, 210 F.3d 355 (2d Cir. 2000) (unpublished) (holding that the lower court did not err in declining to instruct the jury on the remedy of rescission because "the legal remedy in this case is adequate").

Pursuant to the Court's Individual Rules and Practices in Civil *Pro Se* Cases, a copy of which is attached, Chang must, within **forty-five days** of the entry of this Memorandum Opinion and Order, submit a sworn Pretrial Statement with certain information outlined in Paragraph 6(A) of the Individual Rules. In accordance with Paragraph 6(A) and (B) of the Court's Individual Rules, within **two weeks** of the deadline for Chang to file her Statement, Premiere shall file and serve a similar Statement of its case containing the same information, along with proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form.

Chang is cautioned that failure to submit pretrial materials may result in sanctions, up to and including entry of default judgment. *See, e.g.*, *Cotton v. Slone*, 4 F.3d 176, 179, 181 (2d Cir. 1993) (upholding a district court's entry of a default judgment against a *pro se* defendant for, among other things, failing to comply with the court's order regarding preparation of a pretrial memorandum); *Fed. Nat. Mortg. Ass'n v. Olympia Mortg. Corp.*, No. 04-CV-4971 (NG) (MDG),

2014 WL 2594340, at *2 (E.D.N.Y. June 10, 2014) (describing situations in which courts have entered default judgments based on a party's failure to defend).

The Clerk of Court is directed to terminate Docket No. 44 and to mail a copy of this Order to Chang.

SO ORDERED.

Date: March 23, 2015
   New York, New York

_____
JESSE M. FURMAN
United States District Judge

Revised: May 23, 2014

# INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES
## Jesse M. Furman, United States District Judge

***Pro Se* Office**
United States District Court
Southern District of New York
500 Pearl Street, Room 230
New York, NY 10007
(212) 805-0175

**Unless otherwise ordered by Judge Furman, these Individual Practices apply to all civil *pro se* cases.**

1. **Communications with Chambers**

   A. **By a *Pro Se* Party.** All communications with the Court by a *pro se* party should be mailed to the *Pro Se* Office, United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007. No documents or court filings should be sent directly to Chambers. Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (e.g., if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so. Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

   B. **By Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Furman's Individual Rules and Practices in Civil Cases, available at http://nysd.uscourts.gov/judge/Furman.

   C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court. If the requested adjournment or extension affects any other scheduled dates, a represented party must submit a proposed Revised Scheduling Order in accordance with Judge Furman's Individual Rules and Practices in Civil Cases. A *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge.

Absent an emergency, any request for extension or adjournment shall be made *at least 48 hours* prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

2. **Filing of Papers and Service**

   A. **Papers Filed by a *Pro Se* Party.** All papers to be filed with the Court by a *pro se* party, along with one courtesy copy of those papers, shall be delivered in person or sent by mail to the *Pro Se* Office, United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007. Any *pro se* party that wishes to participate in electronic case filing ("e-filing") must file a Motion for Permission for Electronic Case Filing (available at http://nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases and in the *Pro Se* Office) and deliver a paper copy of such Motion to its adversary.

   B. **Service on a *Pro Se* Party.** Counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the *pro se* party was served will not be considered.

3. **Discovery**

   All requests for discovery by a *pro se* party should be sent to counsel for the party from whom discovery is sought. Discovery requests should not be sent to the Court.

   If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention. If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Paragraph 1 above, explaining the nature of the dispute and requesting an informal conference. If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed three pages.

4. **Motions**

   A. **Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

   B. ***Pro Se* Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

   C. **Special Rule for Summary Judgment Motions.** With respect to any deposition that is supplied, whether in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

   D. **Courtesy Copy.** One courtesy hard copy of all formal motion papers, marked as such, should be submitted to Chambers *by the non-pro se party* at the time the reply is due. Courtesy copies should not be submitted to Chambers at the time of filing. If all the parties are *pro se*, then no courtesy copies of formal motion papers are required.

   E. **Oral Argument.** Unless otherwise ordered by the Court, oral argument will not be heard in *pro se* matters.

5. **Initial Case Management Conference**

   The Court will generally schedule an initial case management conference within four months of the filing of the complaint. The Notice of Initial Pretrial Conference will be docketed on ECF and mailed to the *pro se* party or parties.

   The Court will set a schedule for the case at the initial case management conference. In most cases, the Court will give the parties three months (from the date of the conference) to complete all discovery, and set a deadline for the filing of any motions for summary judgment 30 days after the close of discovery. In advance of the initial case management conference, the parties should, if practicable, confer with one another to determine if such a schedule would be appropriate or if there is anything unusual about the case that would require more time and be prepared to discuss those issues at the conference. The Court will issue a written order memorializing all dates and deadlines following the conference.

   An incarcerated party may not be able to attend this or other conferences, but may be able to participate by telephone. If an incarcerated party does not have counsel and is unable to participate by telephone, a family member or a representative may attend the conference. In such instances, the incarcerated party may write to the Court in advance of the conference regarding any issue the *pro se* party wishes to have addressed at the conference. If a representative is designated, he or she should contact Alexandra Barnes, Courtroom Deputy, at (212) 805-0282, to determine the location of the conference. The Court will also have a transcript of the conference sent to the incarcerated party.

6. **Trial Documents**

   A. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a *pro se* case shall file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. If *pro se*, the plaintiff shall file an original of this Statement, plus one courtesy copy, with the *Pro Se* Office. Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

B.  **Other Pretrial Filings.** If the case is to be tried before only a Judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement. If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement. At the time of filing, a represented party should e-mail these documents to the Court (Furman_NYSDChambers@nysd.uscourts.gov), in both .pdf and Microsoft Word formats. The *pro se* party may file such documents, but is not required to do so and need not submit them by e-mail.